# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
1/12/22 4:26 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

| | | |
|---|---|---|
| In re: | : | Case No.: 18-22439-GLT |
| | : | Chapter: 13 |
| Heather Diane Nitch | : | |
| | : | |
| | : | Date: 1/12/2022 |
| *Debtor(s).* | : | Time: 10:30 |

## PROCEEDING MEMO

**MATTER:** #82 - Contested Confirmation Hearing Regarding Plan Dated 11/22/201 (FC)
[Lack of payments. No payment since 3/2020]
# 63 - Objection filed by Bank of New York Mellon as Trustee for CIT Mortgage Loan Trust 2007-1
#85 - Objection filed by Ronda Winnecour, Trustee

**APPEARANCES**:
  Debtor:     Heather Nitch
  Trustee:    Owen Katz

**NOTES:** [10:58 a.m.]

Katz: We have received no payments since March 2020. We are in month 43 of the plan. There have been multiple resets provided to this Debtor. The current plan payment is $2,946, but it will increased to $3,387.

Nitch: I lost a significant portion of my income due to COVID. I am starting two positions, one as an office manager and the other as a copy editor, that should provide approximately $7,800 in monthly income along with a side business income of approximately $2,974. I am asking for a continuance to get back on track.

Court: Why has it taken almost two years to find W2 employment?

Nitch: I had a 6 month delay in receiving unemployment.

Court: I could see a continuance if there was a short pause in payments, but two years is unprecedented. In fact, this is your third case.

Nitch: My first case related to my divorce. The second case was to allow me to seek modification of my mortgage. When I had W2 employment, I made my payments consistently.

Court: Did you have anything that prevented you from finding W2 employment over the past 2 years?

Nitch: Just the lack of consistency with cash flow in my side business and finding a W2 position that would pay me enough.

Court: It appears that the plan payment history was sporadic before the pandemic, which led to arrears in December 2019. In my view, there is no utility in continuing this case, and I have seen no attempt to make plan payments that would suggest that you had an interest in continuing this case. I am inclined to dismiss this case, but I am unclear whether to dismiss with or without prejudice.

Katz: In this particular case, the trustee would not oppose a dismissal without prejudice.

Nitch: My previous cases went no further than the initial filing.

Court: I will take a look at that. If you choose to file a new case, I expect you to show that you have turned the corner that substantially changes the circumstances. I simply cannot tolerate two years of nonpayment. I will deny confirmation and dismiss this case without prejudice.

Katz: I would suggest that the Debtor may want to consider hiring an attorney for another case to ensure that she provides a confirmable plan.

***OUTCOME:***

1. The *Contested Confirmation Hearing* [Dkt. No. 82] is CONCLUDED. Confirmation of the Debtor's amended plan dated November 22, 2021 [Dkt. No. 82] is DENIED. [Text Order]

2. The trustee's *Certificate of Default* [Dkt. No. 76] is GRANTED. Debtor's chapter 13 case is DISMISSED without prejudice. [DB to Issue]

**DATED:** 1/12/2022